IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SONITA MOSELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-2182 |
| | ) | |
| NO PLACE LIKE HOME, INC., A | ) | |
| TENNESSEE FOR PROFIT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant No Place Like Home, Inc.'s ("NPLH") April 14, 2015 Motion to Dismiss and Compel Arbitration. (Mot., ECF No. 11.) On May 11, 2015, Plaintiff Sonita Mosely ("Mosely") responded. (Resp., ECF No. 15.) For the following reasons, NPLH's Motion to Dismiss and Compel Arbitration is GRANTED.

**I. Background**

On January 19, 2010, Mosely and NPLH entered into an Independent Contractor Agreement ("Agreement"). (Agreement, ECF No. 11-1.) Pursuant to the Agreement, Mosely performed nursing services for customers of NPLH. (Agreement Sch. A, ECF No. 11-3.)

On September 18, 2014, Mosely filed a lawsuit, alleging that NPLH had failed to pay overtime wages as required under the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. See generally, Cole, et al. v. No Place Like Home, Inc., Dkt. No. 2:14-cv-02734-JPM-tmp (W.D. Tenn.). That suit was settled, and the case was dismissed on December 9, 2014. Id. at Doc. 18.

On March 17, 2015, Mosely filed the instant action. (Compl., ECF No. 1.) Mosely alleges that, after she and NPLH had resolved the 2014 lawsuit, NPLH began retaliating against her, in violation of § 215(a)(3) of the FLSA, "by refusing to schedule her for regular work shifts." (Compl. at ¶ 26.)

**II. Jurisdiction**

The Court has federal question jurisdiction under 28 U.S.C. § 1331.

**III. Standard of Review**

The Federal Arbitration Act ("FAA") strongly favors arbitration. EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002). To be enforceable, an arbitration agreement must be (1) in writing and (2) involve a transaction in interstate commerce. 9 U.S.C. § 2. Such an arbitration agreement "shall be valid, irrevocable, and enforceable." Id.

"Any doubts about whether an [arbitration] agreement is enforceable, including defenses to arbitrability, should be resolved in favor of arbitration." Johnson v. Long John Silver's Rests., Inc., 320 F.Supp.2d 656, 663 (M.D. Tenn. 2004) (internal citation omitted). "[A]bsent a showing of fraud,

2

duress, mistake, or some other ground upon which a contract may be voided, a court must enforce a contractual agreement to arbitrate." Haskins v. Prudential Ins. Co. of Am., 230 F.3d 231, 239 (6th Cir. 2000).

On a motion to compel arbitration:

> The court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir. 2000) (internal citation omitted). After the court hears the parties:

> [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . . . If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4; Great Earth Cos., Inc. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002).

The showing necessary to compel arbitration absent trial is the same as the showing necessary for summary judgment in a civil suit. Id. The moving party must "clearly and convincingly establish[] the nonexistence of any genuine issue of material fact, and the evidence . . . must be read in a light

3

most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). In particular, the moving party must show the existence of "a binding agreement to arbitrate." In re First Thermal Systems, Inc., 182 B.R. 510, 513 (Bankr. E.D. Tenn. 1995).

If that showing is made, the burden shifts to the non-moving party to prove "that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000). That requires evidence beyond mere allegations and denials. See Simons, 288 F.3d at 889 (internal citation omitted) ("In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate.").

**IV. Analysis**

The Agreement contains an arbitration provision:

> Arbitration. Any controversies arising out of the terms of this Agreement or its interpretation shall be settled in Memphis, TN in accordance with the rules of the American Arbitration Association, and the judgment upon award may be entered in any court having jurisdiction thereof, provided however that the Company shall not be required to arbitrate of [sic] any action by Contractor which would entitle Company to seek relief under paragraph 7 or 8 of this Agreement.[1]

---

[1] Paragraph 7 of the Agreement governs conflicts of interest and solicitation of NPLH workers. (Agreement at ¶ 7.) Paragraph 8 governs injunctive relief. (Id. at ¶ 8.) Paragraphs 7 and 8 do not apply to Mosely's FLSA retaliation claim.

4

(Agreement at ¶ 15.)

The arbitration provision satisfies the FAA's written contract requirement, and the medical care provided by Mosely and NPLH affects interstate commerce under the FAA. See Brookdale Sr. Living Inc. v. Stacy, 27 F. Supp. 3d 776, 791-92 (E.D. Ky. 2014) ("the 'general activity' of providing healthcare . . . is without a doubt the kind of activity that in the aggregate is subject to federal control under the Commerce Clause.") Mosely does not challenge the validity of the arbitration provision, but argues that her claim is not within the scope of the provision. (Resp. at 1.)

NPLH argues that "[t]he terms of the Agreement control Plaintiff's work with NPLH, and Plaintiff's lawsuit undeniably arises out of her work with NPLH. For example, Plaintiff alleged in the complaint: 'Defendant [NPLH] has refused to schedule Plaintiff to work . . . .'" (Mot. at 4 (quoting Compl. at ¶ 16.) Mosely responds that "there is nothing alleged in the FLSA lawsuit that references, or requires interpretation of, any term or provision in the 'Independent Contractor Agreement' or its attachments. And Defendant cannot make a straight faced argument to the contrary." (Resp. at 1-2.)

Mosely's FLSA claim arises out of the terms of the Agreement. The retaliation alleged by Mosely is that NPLH "refus[ed] to schedule her for regular work shifts." (Compl. at

(Agreement at ¶ 15.)

The arbitration provision satisfies the FAA's written contract requirement, and the medical care provided by Mosely and NPLH affects interstate commerce under the FAA. See Brookdale Sr. Living Inc. v. Stacy, 27 F. Supp. 3d 776, 791-92 (E.D. Ky. 2014) ("the 'general activity' of providing healthcare . . . is without a doubt the kind of activity that in the aggregate is subject to federal control under the Commerce Clause.") Mosely does not challenge the validity of the arbitration provision, but argues that her claim is not within the scope of the provision. (Resp. at 1.)

NPLH argues that "[t]he terms of the Agreement control Plaintiff's work with NPLH, and Plaintiff's lawsuit undeniably arises out of her work with NPLH. For example, Plaintiff alleged in the complaint: 'Defendant [NPLH] has refused to schedule Plaintiff to work . . . .'" (Mot. at 4 (quoting Compl. at ¶ 16.) Mosely responds that "there is nothing alleged in the FLSA lawsuit that references, or requires interpretation of, any term or provision in the 'Independent Contractor Agreement' or its attachments. And Defendant cannot make a straight faced argument to the contrary." (Resp. at 1-2.)

Mosely's FLSA claim arises out of the terms of the Agreement. The retaliation alleged by Mosely is that NPLH "refus[ed] to schedule her for regular work shifts." (Compl. at

¶ 26.) Whether NPLH had a duty to schedule Mosely for work shifts is governed by the Agreement. Mosely's claim also implicates the Agreement because whether she is an employee or an independent contractor under the FLSA is crucial to her claim. See Swinney v. AMcomm Telecommunications, Inc., 30 F. Supp. 3d 629, 632 (E.D. Mich. 2014) ("It is well-established that '[t]he requirements of the FLSA apply only to employees,' and 'courts must determine whether, as a matter of economic reality, an individual is an employee or an independent contractor in business for himself.'" (quoting Freund v. Hi-Tech Satellite, Inc., 185 Fed.Appx. 782, 782-83 (11th Cir. 2006) (citing Rutherford Food Corp. v. McComb, 331 U.S. 722, 728, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947)))).

In determining whether an individual is an employee or an independent contractor, courts in the Sixth Circuit consider:

> (1) the permanency of the relationship between the parties; (2) the degree of skill required for rendering of the services; (3) the worker's investment in equipment or materials for the task; (4) the worker's opportunity for profit or loss, depending upon his skill; and (5) the degree of the alleged employer's right to control the manner in which the work is performed.

Donovan v. Brandel, 736 F.2d 1114, 1117 (6th Cir. 1984).

The Agreement governs Mosely's relationship with NPLH. It specifies, for example, the term of the relationship, Mosley's duties, and her right to perform nursing services for other

6

parties during the term. Because Mosely's claim arises out of the terms of the Agreement and interpretation of the Agreement will be necessary to resolve her claim, her claim is within the scope of the arbitration provision.

FLSA claims are arbitrable. See <u>Floss v. Ryan's Family Steak Houses, Inc.</u>, 211 F.3d 306, 311-12 (6th Cir. 2000). Because Mosely's sole claim is subject to arbitration, dismissal is appropriate.

**V. Conclusion**

For the foregoing reasons, NPLH's Motion to Dismiss and Compel Arbitration is GRANTED.

So ordered this <u>15th</u> day of June, 2015.

                                            /s Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE